UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
GWENDOLYN PATRICIA SMITH,  )
                            )
           Plaintiff,       )
                            )
    v.                      )   Civil Action No. 16-2194 (ABJ)
                            )
PENSION BENEFIT             )
GUARANTY CORPORATION,       )
                            )
           Defendant.       )
                            )

# MEMORANDUM OPINION

Plaintiff Gwendolyn Patricia Smith, proceeding *pro se*, has sued defendant Pension Benefit Guaranty Corporation ("PBGC"). She alleges that the agency's decision that it does not owe her any benefit is not supported by substantial evidence. Compl. [Dkt. # 1]. The parties have both moved for summary judgment, Def.'s Mot. for Summ. J. [Dkt. # 20] ("Def.'s Mot"); Pl.'s Opp. for Summ. J. [Dkt. #22] ("Pl.'s Opp.") at 1, and the motions are before the Court for decision. While the Court understands plaintiff's frustration, it finds that the agency's decision was reasonable and supported by the administrative record, and therefore, it will grant defendant's motion and deny plaintiff's cross-motion.

## BACKGROUND

Plaintiff worked for Trans World Airlines, Inc. ("TWA") from March 24, 1986 to November 11, 1991, and she accrued a pension benefit. Admin. Record ("AR");[1] Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. [Dkt. # 20-1] ("Def.'s Mem.") at 2–3; Compl. ¶ 1. TWA eventually

---

1   The administrative record appears on the docket. *See* J.A. [Dkt. # 26]. When referring to a document in the administrative record, the Court will use "AR" and the Bates number of the document.

went bankrupt and in 2001 PBGC became the trustee of TWA's Retirement Plan for Employees ("Plan"). Def.'s Mem. at 1; AR 21.

PBGC is the federal corporation that administers the mandatory federal pension insurance program established by Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1301 *et seq.* Def.'s Mem at 2; AR 21. When a plan sponsor is unable to support a covered pension plan, PBGC becomes the trustee of the plan, and it pays guaranteed benefits to participants and their beneficiaries. AR 21.

On September 19, 2014, thirteen years after PBGC became the trustee of the Plan, plaintiff contacted PBGC to inquire whether she was entitled to a pension benefit from her employment with TWA. AR 20. In a letter dated October 24, 2014, PBGC informed plaintiff that its records showed that her pension benefit had already been issued on May 1, 1995, in a lump-sum payment of $12,613.65. AR 33–34. On October 28, 2014, plaintiff appealed the agency's decision. AR 31–32. She wrote: "I have never received any information that I was entitled to a benefit check. I have never received a check or any other benefits from my pension plan." AR 31.

On August 5, 2015, the PBGC's Appeals Board ("Board") denied plaintiff's appeal. AR 20. The Board provided three reasons for its denial: First, the only record in the agency's possession that related to plaintiff, the TWA Employee Master Report ("Master Report"), showed that the payment was issued in a lump-sum on May 1, 1995, when plaintiff was 49 years old.[2] AR 22. The agency stated that the TWA pension records were "generally very reliable" based on an

---

2     The Master Report lists employee Gwendolyn P. McKinney. AR 27. Plaintiff states she "was formerly known as Gwendolyn Patricia McKinney." Pl.'s Opp. at 1. The Master Report includes the number "14" and the letter "B" next to plaintiff's name. AR 27. According to the TWA Retiree Data Base Coding record, "14" refers to "Lump Sum" and "B" refers to "Early" retirement. AR 28–29. The Master Report also lists plaintiff's date of retirement, May 1, 1995, and the total benefit amount, $12,613.65. AR 27.

internal audit it conducted. AR 21, 44–51. Second, the agency cited the policy memorandum of the "Flight Attendant Plan" which confirmed that plaintiff was indeed eligible for early retirement through a lump-sum payment starting at age 45. It observed that the fact that plaintiff was not listed among the plan participants when PCBG became the trustee in 2001 further suggested that she had already received her full benefits. AR 21, 26. Third, the agency noted that plaintiff had supplied no documentary evidence to show that the lump-sum was neither issued nor received, and that she relied exclusively on "recollections from twenty years ago." AR 22.

While the Board acknowledged that PBGC did not have "copies of cancelled checks or other proof of payment," and that the Board could not "completely rule out the possibility of an error," it nonetheless found that the "weight of available evidence [ ] strongly support[ed] PBGC's determination" that plaintiff received the lump-sum payment and consequently denied plaintiff's appeal. AR 22–23.

On July 12, 2016, plaintiff filed a complaint in the U.S. District Court for the Central District of California seeking judicial review of PBGC's decision. Compl. at 1. Defendant moved to dismiss the case or alternatively, to transfer venue. Def.'s Mot. to Dismiss or Transfer Venue [Dkt. # 10]. On December 2, 2016, the case was transferred to this Court.

## STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and evidence show that "there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In cases involving the review of agency action under the Administrative Procedure Act ("APA"), Rule 56 does not apply due to the Court's limited role in reviewing the administrative record. *Select Specialty Hosp.-Akron, LLC v. Sebelius*, 820 F. Supp. 2d 13, 21 (D.D.C. 2011). Under the APA, the agency's role is to resolve factual

issues and arrive at a decision that is supported by the administrative record, and the court's role is to "determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985), citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971); *see also Richards v. INS*, 554 F.2d 1173, 1177 & n.28 (D.C. Cir. 1977).

Under the APA, a court must "hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), in excess of statutory authority, *id.* § 706(2)(C), or "without observance of procedure required by law." *Id.* § 706(2)(D). However, the scope of review is narrow. *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). The agency's decision is presumed to be valid, *see Citizens to Preserve Overton Park*, 401 U.S. at 415, and the court must not "substitute its judgment for that of the agency." *State Farm*, 463 U.S. at 43. A court must be satisfied, though, that the agency has examined the relevant data and articulated a satisfactory explanation for its action, "including a rational connection between the facts found and the choice made." *Alpharma, Inc. v. Leavitt*, 460 F.3d 1, 6 (D.C. Cir. 2006) (citations omitted) (internal quotation marks omitted).

Finally, when a plaintiff proceeds *pro se*, the Court must take care to construe plaintiff's filings liberally, because complaints filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *See Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## ANALYSIS

An agency's decision may be deemed arbitrary and capricious if the agency

> has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation

> for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*State Farm*, 463 U.S. at 43. Absent a "strong showing of bad faith or improper behavior," the Court's review should solely be based on the administrative record. *Theodore Roosevelt Conservation P'ship v. Salazar*, 616 F.3d 497, 514 (D.C. Cir. 2010), quoting *Commercial Drapery Contractors, Inc. v. United States*, 133 F.3d 1, 7 (D.C. Cir. 1998). Plaintiff does not claim bad faith or improper behavior (and there is no indication of either), so the Court's review is limited to the administrative record in this case.

In making its decision to deny plaintiff's appeal, defendant considered the Plan's records, including the Master Report; plaintiff's substantial delay contacting the agency; and the lack of documentation supporting plaintiff's appeal. AR 21–22; Def.'s Mem. at 7–8. The Master Report showed plaintiff "already received a full distribution" on May 1, 1995, in the amount of $12,613.65. AR 22, 27–29, 33. Defendant audited its records and found them reliable for over 27,000 participants. AR 21–22, 44–51. Therefore, it was reasonable for defendant to rely on the Master Report.

It was also reasonable for defendant to consider the fact that plaintiff did not provide documentary evidence to support her claim. The Appeals Board wrote, "a simple assertion of non-receipt does not constitute sufficient evidence that a lump-sum payment was neither issued nor received." AR 22. Plaintiff added some documents to the administrative record, but these documents do not support her current claim. She proffered her social security statements showing a change of address, AR 15–18, as well as documents related to benefits from a separate, unrelated pension fund. AR 39–40. Based on "[t]he weight of available evidence" at the time of the

decision, the agency rationally concluded plaintiff was paid in full prior to PBGC becoming the trustee of the Plan. AR 21, 23.

The Court is satisfied that the agency examined the relevant facts and explained its decision, and that its decision is supported by the record given the information available to the agency, plaintiff's delay in coming forward,[3] and plaintiff's lack of supporting documentation. The agency's decision to deny plaintiff's appeal was not arbitrary and capricious and was supported by substantial evidence.

## CONCLUSION

Since the Court finds that the agency's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law under the APA, the Court upholds the agency's decision as valid. Therefore, the Court will grant defendant's motion for summary judgment and deny plaintiff's motion for summary judgment.

A separate order will issue.

/s/ Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: November 15, 2017

---

3     Plaintiff retired in 1995. AR 22. PBGC became the trustee of the Plan in 2001. *Id.* at 21. Plaintiff waited until 2014 to contact PBGC about possible benefits–19 years after the date she retired from TWA and 13 years after PBGC became the trustee of the Plan. *Id.* at 19; Compl. ¶ 3.

6